**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FERNODE TIMA,<br><br>*Petitioner*,<br><br>v.<br><br>ACTING FIELD OFFICE DIRECTOR OF NEW JERSEY IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-11990<br><br>**ORDER** |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Fernode Tima ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF Nos. 1, 7)[1]; and

**WHEREAS**, Petitioner Fernode Tima ("Petitioner") is a native and citizen of Haiti who is presently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Delaney Hall Detention Center in Newark, New Jersey (ECF No. 7 ¶¶ 7, 11.); and

**WHEREAS**, on July 23, 2022, Petitioner arrived at a port of entry and applied for admission to the United States, whereupon he was paroled into the United States pursuant to 8

[1] Petitioner commenced this action with the filing of a Petition for Writ of Habeas Corpus on September 14, 2026, challenging his continued immigration detention as unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act and the Administrative Procedures Act. (ECF No. 1.) Petitioner subsequently filed an Amended Petition reiterating his challenge to his detention and contending, *inter alia*, that his detention is unlawful because he was previously paroled into the United States, that any revocation of his parole required an individualized determination, and that his prior TPS status precludes his detention or removal. (ECF No. 7.)

U.S.C. § 1182(d)(5)(A) (*see* ECF No. 5 at 1, Ex. A); and

**WHEREAS**, on the same date, the United States Customs and Border Protection served Petitioner with a Notice to Appear charging him as inadmissible under Section 212(a)(7)(A) of the Immigration and Nationality Act ("INA") (*see* ECF No. 5 at 1, Ex. B); and

**WHEREAS**, according to Respondents, Petitioner was subsequently placed into removal proceedings upon the filing of a Notice to Appear by ICE on September 22, 2022 (ECF No. 5 at 1); and

**WHEREAS**, Petitioner alleges that on or about October 16, 2023, U.S. Citizenship and Immigration Services granted Petitioner Temporary Protected Status ("TPS") (ECF No. 7 ¶ 3); and

**WHEREAS**, Petitioner further alleges that, following the termination of his TPS, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), which remains pending (*id.*); and

**WHEREAS**, in or about August 2026, ICE arrested and detained Petitioner, who alleges that he had not been scheduled for an upcoming immigration hearing (*see id.* ¶ 4; ECF No. 5 at 1); and

**WHEREAS**, on September 16, 2026, the Court directed Respondents to release Petitioner within 24 hours unless Respondents identified an independent and presently applicable statutory basis for his detention or identified criminal history associated with Petitioner, and directed Respondents to file a response identifying the statutory basis for detention and any alleged criminal history (ECF No. 3); and

**WHEREAS**, Respondents thereafter advised that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) and is subject to mandatory detention because, among other things, Petitioner

arrived at a port of entry, applied for admission, and remains subject to removal proceedings (ECF No. 5 at 1); and

**WHEREAS**, Petitioner subsequently filed an Amended Petition reiterating his challenge to his detention and contending, *inter alia*, that his detention is unlawful because he was previously paroled into the United States, that any revocation of his parole required an individualized determination, and that his prior TPS status precludes his detention or removal (ECF No. 7); and

**WHEREAS**, the Court has reviewed the Petition (ECF Nos. 1, 7), Respondents' Response (ECF No. 5), and the record in this matter, and resolves the Petition on the papers submitted; and

**WHEREAS**, pursuant to the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), Petitioner's status as an "applicant for admission" under 8 U.S.C. § 1225(a)(1) does not, standing alone, establish that Petitioner is presently "seeking admission" within the meaning of § 1225(b)(2)(A); and

**WHEREAS**, the record establishes that Petitioner entered the United States on approximately July 23, 2022, has remained in the United States since that time, and was apprehended by immigration authorities in the interior of the United States in August of 2026 (ECF No. 7 ¶ 4; ECF No. 6 at 1); and

**WHEREAS**, under *Buele Morocho*, Respondents have not established that, at the time of Petitioner's apprehension, Petitioner was affirmatively and presently seeking admission to the United States, therefore, § 1225(b)(2)(A) does not authorize Petitioner's mandatory detention; and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he

Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"); therefore

**IT IS,** on this 2nd day of October 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**